UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| NORMAN J. LANDRY, JR.,<br>    Plaintiff,<br><br>    v.<br><br>PAWTUCKET POLICE DEPARTMENT, CHIEF TINA GONCALVES, in her official and individual capacities, LIEUTENANT CARRIE HORMANSKI, in her official and individual capacities, GATEWAY HEALTHCARE, INC., LIFESPAN CORPORATION d/b/a BROWN UNIVERSITY HEALTH, and BROWN UNIVERSITY,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 25-cv-131-MRD-AEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

Pro se plaintiff Norman Landry Jr. brings this action against Defendants Pawtucket Police Department ("PPD"), Chief Tina Goncalves, Lieutenant Carrie Hormanski, ("Pawtucket Defendants"), Gateway Healthcare Inc., Lifespan Corporation d/b/a Brown University Health, and Brown University. Before the Court are three motions: Mr. Landry moves to consolidate this case with another civil action he argues is related (ECF No. 23) and Pawtucket Defendants and Gateway Healthcare Inc., (collectively, "Defendants"), separately move to dismiss Mr. Landry's

Amended Complaint pursuant to Federal Rule of Civil Procedure 8(a) and (d)(1). (ECF Nos. 14, 21.)[1]

For the reasons stated below, the Court grants both motions to dismiss and denies Mr. Landry's motion to consolidate.

In accordance with the Federal Rules of Civil Procedure's liberal pleading standard Rule 8(a)(2), and because Mr. Landry is proceeding pro se, his pleadings will "be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Briefly stated, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015) (quoting *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008)). This "short and plain statement" must "give the defendant fair notice of the claim and its factual basis," and "possess enough heft to show that the pleader is entitled to relief." *SEC v. Tambone*, 550 F.3d 106, 118 (1st Cir. 2008) (internal quotations, citations, and original textual alteration omitted).

Federal Rule of Civil Procedure 8(d)(1) imposes the additional pleading requirement that "[e]ach allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). Dismissal for failing to comply with Rule 8 is an appropriate remedy if the

---

[1] The Court accepts the pending motion (ECF No. 25) as Gateway Healthcare Inc.'s reply to Landry's response in opposition to its motion to dismiss.

complaint "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Sayied v. White*, 89 Fed. App'x 284 (1st Cir. 2004) (unpublished table decision) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

As best this Court can understand, Mr. Landry alleges that Defendants conspired to unlawfully subject him to repeated 72-hour psychiatric detentions in retaliation for his accusations against the PPD as a part of a broader pattern of misconduct to silence and discredit him.  ECF No. 5.

Without question, Mr. Landry's Amended Complaint violates Rule 8.  The complaint, although short, is very far from a "plain statement" of the claims.  It is extraordinarily confusing, verbose, and needlessly complicates the claims to the point "it would [be] unreasonable to expect defendants to frame a response to it." *Sayied*, 89 Fed. App'x 284.  For example, Mr. Landry writes:

> Ere long, in 2023, PPD under Chief Tina Goncalves' aegis and with Lt Hormanski's complicity, confederated with Gateway and Lifespan/BUH to sequester Plaintiff within a 72-hour psychiatric conferment- an incarceration proximate to his May 2023 denunciation to Hormanski, heralding a palpable intensification of Defendants campaign to subjugate him, a motif the records shall starkly delineate.

ECF No. 5, Exhibit 2 ¶ 17.  As another example:

> Gateway and Lifespan/BUH, buttressed by Brown University's institutional gravitas, failed or aggrandized rationales for these detentions, illicitly billing Plaintiff's insurer to reap pecuniary gain whilst amplifying PPD's prejudiced crusade to discredit Plaintiff post his May 2023 report, further entrenching this archetype of government profligacy.  All defendants acted in symphony.

*Id.* ¶ 26.

Both Pawtucket Defendants and Gateway Health Inc. correctly point out that the complaint does not clearly link specific factual allegations of wrongdoing against each Defendant. *See* ECF No. 14-1 at 5; ECF No. 21 at 4–5. While the complaint organizes its claims into five causes of action, the connection between the factual allegations and the legal claims they are intended to support are unclear. To understand the claims against them, Defendants would have to unravel and comb through detailed yet irrelevant factual allegations. While Mr. Landry is proceeding pro se, he is not exempt from complying with the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). Defendants' motions to dismiss is therefore granted and Mr. Landry will not be permitted to amend further.[2]

For the reasons set forth above, the Motions to Dismiss (ECF Nos. 14, 21) are GRANTED and Plaintiffs' Motion to Consolidate is DENIED (without prejudice) as moot. (ECF No. 23).[3]

The Court notes that Mr. Landry has a history of filing motions and complaints in this Court that are frivolous and devoid of any arguable basis in law or fact. *See Landry v. Lt. Evans et al.*, C.A. 24-cv-00533; *Landry v. Gagnon*, C.A. No. 25-cv-00132. Such conduct constitutes an abuse of the judicial process and imposes unnecessary burdens on the Court and opposing parties. Accordingly, Mr. Landry is

---

[2] Although the Court initially found the complaint sufficient to satisfy the in forma pauperis (IFP) screening standard, upon consideration of Defendants Rule 8(a) and (d)(1) arguments, the Court concluded that the complaint fails to meet the minimum pleading requirements.

[3] The action with which consolidation is sought has been dismissed, leaving no pending case to consolidate. *See Landry v. Gagnon*, C.A. No. 25-cv-00132.

warned that further frivolous, harassing, or wasteful filings may result in monetary sanctions and/or other appropriate relief. If Mr. Landry seeks to file any future complaints, petitions or additional pleading in this or any related matter, he must first file a written motion for leave of Court.[4] That petition must be accompanied by the documents sought to be filed but shall not include an accompanying filing fee. Upon filing, the Clerk of Court shall accept the documents, mark them received, and forward them to a judicial officer for action on the petition.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

January 23, 2026

---

[4] Mr. Landry's action, *Landry v. Goncalves et al.*, C.A. No. 25-cv-00353, remains pending and will proceed before the Court.